——— ———, for defendant.

———◦❀◦———

## WILLIAM RICE, Sheriff of Windsor County,

### *against*

## JOHN POLLARD *et al.* Appellees.

A promise made by a sheriff to a debtor, within the liberties of the prison, "that if he escaped he would not sue him until he had first prosecuted the bail," will not operate a defeasance of the bail-bond, though the principal be sued at the same time with the bail.

PLAINTIFF declared in plea of debt on bail-bond made and executed to him in his capacity of sheriff by the defendants for the admitting *Pollard* to the liberties of the gaol yard. Bond in the usual form, and escape alleged.

Plea, *non est factum*, with notice by the defendants under the statute, that they should rely in their defence on the following special matter, *videlicet:*

That when the said *Pollard* was so imprisoned as in said declaration set forth, and before said *Pollard* committed any escape, the plaintiff had promised the defendant *Pollard* that in case of his escape he would not prosecute him upon the bail-bond until he had first prosecuted *Seth Emmons*, the other defendant.

*Nicholas Baylies*, for the plaintiff, objected to the facts set forth in the defendants' notice going in evidence to the Jury.

We consider it now as settled by a recent decision of this ·Court, that the notice to be given under the general issue provided by the statute, is but a summary mode of pleading in bar, and those matters which may be demurred to in a plea in bar may be objected to in the notice.

The whole matters set forth in the notice are irrelevant, and could not have been well pleaded in bar.

For there is no consideration to the promise set forth in the notice; and if there had been a consideration the promise could not defeat the bond. *Show. Rep.* p. 43. *Salk. Rep.* vol. 2. p. 573. *Ayloff* v. *Scrimshaw. Term Rep.* vol. 2. p. 24. *Heathcote et al.* v. *Crookshanks.*

*Titus Hutchinson*, for defendants. The cases cited do not apply. In the cases both in *Shower* and *Salkeld*, the cause of action had arisen at the time of the promise. Here was no action which had accrued. No action had or could accrue to *Rice* until *Pollard* had escaped, and this escape was the consideration of the promise set forth in the notice. The facts in the notice traverse the declaration in the most substantial points. We concede that if *Pollard* had broken his bonds by escaping from prison before the promise made, it would have been null and void.

*Charles Marsh*, for the plaintiff. I apprehend that the statute merely gives parties the liberty of giving

Rice
v.
Pollard et al.

notice of any matters which may be pleaded specially. The expression of the statute is " *special matters.*" We say these matters in the notice could not have been pleaded specially.

First. Because the promise set forth in the notice is grounded on no consideration.

To this point the case in *Salkeld's Reports, Heathcote et al.* v. *Crookshanks,* has been read.

But if the Court can get over the want of consideration, such promise, say the authorities, is no defeasance of a bond. It could not therefore be pleaded in bar.

Whether such promise is made before or after the action accrued, is immaterial. The very facts stated in the notice shew that there was no release. *Rice* told the defendant *Pollard,* that if he escaped he would not prosecute him on the bond until he had first prosecuted *Emmons.*

If the subject matter of a statute notice under the general issue could not have been well pleaded in bar, such matter may be avoided on trial by parol demurrer to the evidence offered in support of it.

SMITH, Judge. I am against the admission of the matters profered in the notice. Exception to the evidence under the notice can be the only consistent mode to avoid such impertinent matter. The defendant can give notice only of such special matters as would prevail in bar, not such as would be demurrable. The matters in the notice, if pleaded in bar, would be clearly demurrable.

Chief Judge. I am of the same opinion.

Verdict for the plaintiff.

*Charles Marsh* and *Nicholas Baylies,* for plaintiff.
*Titus Hutchinson,* for defendant.